**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CASEY GALLOWAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-14038** |
| **ILLINOIS CENTRAL RAILROAD COMPANY, INC.** | **SECTION "B"(5)** |

## ORDER AND REASONS

Defendant Illinois Central Railroad Company, Inc. filed a motion to dismiss for lack of personal jurisdiction. Rec. Doc. 8. Plaintiff Casey Galloway filed a response in opposition. Rec. Doc. 12. Defendant then sought, and was granted, leave to file a reply. Rec. Doc. 20.

For the reasons discussed below,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** and plaintiff's claims against defendant are **DISMISSED.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Casey Galloway filed a complaint against Illinois Central Railroad Company, Inc. for violation of the Federal Employers Liability Act. Rec. Doc. 1 at 3. Plaintiff was employed as a trackman by Defendant. Id. On March 9, 2017, plaintiff alleges that his left foot was injured when a crane operator who was holding up a rail suddenly moved the crane without warning, causing the rail to come down onto plaintiff's left foot. Id. Plaintiff asserts that his injuries include a non-displaced fracture in his left foot and a left foot sprain that became Complex Regional Pain

1

Syndrome in his left lower extremity. Id. Plaintiff also states that he had a spinal cord stimulator permanently implanted in his body, and that the injuries have caused him to become medically disqualified from his railroad job. Id. Consequently, plaintiff brought the instant case under the FELA claiming that defendant and its agents negligently conducted themselves in failing to provide a reasonably safe work place, train and supervise the swing crane operator, and enact and enforce safety regulations, amongst other things, all leading to plaintiff's injuries. Id. at 4. Accordingly, plaintiff seeks damages for physical pain and suffering, mental anguish, lost wages, medical expenses, and additional categories of damages. Id. at 5.

Defendant subsequently filed the instant motion to dismiss for lack of personal jurisdiction. Rec. Doc. 8.

## **THE PARTIES' CONTENTIONS**

Defendant argues that this Court cannot exercise personal jurisdiction over defendant. Rec. Doc. 8. Defendant asserts that specific personal jurisdiction does not exist in this action because plaintiff does not allege sustaining any injury in Louisiana and the underlying facts and circumstances giving rise to the action did not occur within Louisiana. Rec. Doc. 8-2 at 1-2. Regarding general personal jurisdiction, defendant argues that its operations in Louisiana, as compared to the entirety of its operations, are not of such a substantial nature as to render it

essentially at home here. Rec. Doc. 8-2 at 6. Defendant avers that it only operated 10.52% of its total track mileage, employed 9.57% of its total railroader workers, spent 14% of its total capital investments, and paid 8.77% of its total cash taxes in Louisiana. Id. at 6-7. In comparison, defendant operated 55% of its total track mileage, employed 59.5% of its total employees, made 58.6% of its total capital investments, and paid 61.43% of its total cash taxes in Illinois. Id. at 7.

On the other hand, plaintiff argues that this Court has both specific and general personal jurisdiction over defendant. Rec. Doc. 12. Plaintiff asserts that this Court has general jurisdiction over defendant in light of defendant's decades-long systematic and continuous contacts with the state of Louisiana, including spending millions annually on infrastructure, training employees, and paying taxes in Louisiana to reap financial benefits from the state as well as the fact that Louisiana is one of only six (6) states in which defendant operates. Id. at 2, 5-6. Plaintiff further notes that he has continuously been a resident of Louisiana since 1988 and that his employment with defendant was the result of an online advertisement he viewed from his home in Louisiana. Id. at 2. Plaintiff claims that when he interviewed for the position he was told he could continue to live in Louisiana to receive his job assignments and eventually be headquartered in Louisiana with a few months of seniority, and was offered the job

3

by a phone call to his home in Louisiana. Id. Plaintiff further states that he received his paychecks in Louisiana, paid a portion of his state income taxes to Louisiana, was based in Louisiana during his employment with defendant despite travel occurring outside of Louisiana, and had annual safety trainings in Louisiana. Id. at 3. Plaintiff asserts that he performed work in various railroad yards operated by defendant in Louisiana during his employment and was required to maintain a commercial drivers license and drivers license, both of which he had issued to him by the State of Louisiana. Id. at 3-4. Plaintiff also states that although he initially went to an emergency room in Mississippi after his injury, all follow-up care has occurred in Louisiana. Id. at 4. Additionally, plaintiff argues that this Court may exercise specific personal jurisdiction over defendant. Id. at 7. Plaintiff states that defendant purposefully availed itself of the privileges of conducting activities in Louisiana because it solicited plaintiff's interest in the job while plaintiff was in Louisiana, conducted plaintiff's training in Louisiana, and made all work-related payments in Louisiana. Id. at 8. Plaintiff avers that he was provided all his safety training materials and training in Louisiana, and this training led him to expect that the crane operator would not to move until directed to, which ultimately caused plaintiff's injury. Id. Plaintiff also asserts that the exercise of personal jurisdiction over defendant is fair and

4

reasonable and any outsider would expect defendant to be a regular participant in court proceedings in Louisiana. Id. at 9. Furthermore, plaintiff asserts that although plaintiff's injuries occurred in Mississippi, his employment with defendant is in Louisiana and the injury occurred on a job that originated and ended in Louisiana. Id. at 10.

In its reply, defendant argues that plaintiff does not show that defendant's business in Louisiana is so continuous and systematic as to render it essentially at home here. Rec. Doc. 20. Defendant asserts that the Supreme Court has made clear that the general jurisdiction inquiry focuses not just on the magnitude of the defendant's in state contacts, but rather calls for an appraisal of a corporation's activities in its entirety. Id. at 2. Therefore, defendant states that even accepting plaintiff's allegations of its systematic and continuous contacts in Louisiana, these activities do not render it essentially at home in Louisiana when they are compared to its activities overall. Id. Defendant asserts that because the "exceptional case" warranting the exercise of general jurisdiction over a non-resident defendant must meet a high standard, the Supreme Court has only found a sufficient basis in one modern case and this case does not present an opportunity to expand that number. Id. Defendant further notes that plaintiff improperly details contacts between plaintiff and defendant or plaintiff and Louisiana rather than between defendant

5

and Louisiana in support of his argument for specific jurisdiction. Id. at 3. Defendant avers that the specific jurisdiction inquiry must be focused on the relationship among the defendant, the forum, and the litigation which arises out of contacts the defendant himself creates with the forum state. Id. at 4. Therefore, defendant argues that plaintiff's unilateral activities and contacts with Louisiana are irrelevant to establishing defendants' purposeful contacts with Louisiana. Id. at 5. Additionally, defendant states that claims of defendant's contacts with plaintiff personally are also not sufficient to establish specific jurisdiction, because the Supreme Court has stated that the focus should be on defendant's contacts with the forum state itself, not on contacts with an individual located in the forum state. Id. at 5-6. Defendant argues that plaintiff has not alleged any of defendant's suit-related contacts as is required for the exercise of specific jurisdiction. Id. at 10. Rather, plaintiff has only shown evidence of his own contacts with defendant, and his own contacts with Louisiana. Id. The only evidence plaintiff provides regarding defendant's contacts with Louisiana, such as maintaining yards and facilities in the state, address contacts that are not related to the incident from which this case arises. Id. Therefore, defendant argues that this Court cannot exercise personal jurisdiction over it and this case should be dismissed. Id.

## **LAW AND ANALYSIS**

A federal district court may exercise personal jurisdiction over a non-resident defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution. *See Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) The limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, so the inquiry is whether this Court's exercise of jurisdiction would offend due process. *See Luv N' Care, Ltd., v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). Due process is satisfied if the defendant purposefully established "minimum contacts" with the forum state such that maintenance of a lawsuit does not offend traditional notions of fair play and substantial justice. *See Clark v. Moran Towing & Transp. Co.*, 738 F. Supp. 1023, 1026 (E.D. La. 1990). The plaintiff has the burden to make a *prima facie* showing that personal jurisdiction is proper. *See Luv N' Care, Ltd.*, 438 F.3d at 469. The Court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000). However, the Court is not required to accept conclusory allegation, even if uncontroverted. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

A court may exercise personal jurisdiction over a non-resident defendant on the basis of specific or general jurisdiction. *See Pervasive Software, Inc. v. Lexware GmbH & Co. Kg.*, 688 F.3d 214, 220 (5th Cir. 2012). Specific jurisdiction may be asserted over a non-resident corporation where that corporation's in-state activity is continuous and systematic and that activity gave rise to the episode-in-suit. *Id.* Specific jurisdiction requires a plaintiff to demonstrate that "(1) there are sufficient (i.e., not random, fortuitous, or attenuated) pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts." *Id.* at 221. If a plaintiff makes such a showing, the defendant can then defeat the exercise of specific jurisdiction by showing that it would nevertheless fail the basic fairness test. *Id.* at 221-222.

General jurisdiction requires a showing of substantial, continuous, and systematic contacts between a nonresident defendant and a forum, such "as to render [it] essentially at home in the forum State." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) (quoting in part *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011))). "The continuous and systematic contacts test is a difficult one to meet, requiring

extensive contacts between a defendant and a forum." *Id*. (citing *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)). The place of incorporation and principal place of business are where a corporation is considered to be "at home" and "are thus paradigm bases for jurisdiction." *Id*. (citing *Daimler*, 571 U.S. at 137). Considering the high threshold set in *Daimler*, the Fifth Circuit noted that it is "incredibly difficult to establish general jurisdiction" in a forum other than a corporation's place of incorporation or principal place of business. *Id.*

A. <u>Specific jurisdiction</u>

Specific jurisdiction does not exist over defendant in this case because plaintiff's cause of action does not arise out of defendant's forum-related contacts. As discussed above, specific jurisdiction requires a plaintiff to demonstrate that: "(1) there are sufficient (i.e., not random, fortuitous, or attenuated) pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts." *Id.* at 22.

Plaintiff argues that this cause of action arises out of defendant's forum-related contacts because: (1) he received safety training materials at his home in Louisiana; (2) the receipt of paychecks and all other work-related payments in Louisiana led to

9

him being at work on the day of the injury-causing incident; (3) and his training in Louisiana led him to expect that the crane operator who dropped the piece of rail that caused his injuries would not move until directed to move. Rec. Doc. 12 at 8-9. None of these facts show that the incident forming the basis of this action arises out of defendant's contacts with Louisiana. Plaintiff admits that the incident in which he was injured, and which forms the basis of his claim, occurred in Mississippi rather than Louisiana. Rec. Doc. 12 at 10. Plaintiff's attempt to tenuously connect the incident occurring in Mississippi to Louisiana by pointing to the location of his payment and his safety trainings is unpersuasive.

The complaint does not allege that a specific training in Louisiana caused the incident leading to his injuries. Plaintiff seeks to hold defendant liable under FELA for acting negligently in failing to, among other things, provide plaintiff a safe work place, enact and enforce proper safety regulations, and train and supervise the crane operator. None of these allegations of negligence relate to defendant's contacts with the State of Louisiana. None of these allegedly negligent actions that form plaintiff's cause of action arise out of defendant's contacts with Louisiana. Furthermore, it is the crane operator's training rather than plaintiff's training that plaintiff identifies as negligently

conducted, and the complaint does not allege that the crane operator was trained in Louisiana.

Finally, the fact that plaintiff was paid in Louisiana and was sent training materials at his home in Louisiana is a result of his own residence in Louisiana, and not evidence that this cause of action arises out of defendant's contacts with the state.

B. General Jurisdiction

General jurisdiction over defendant is absent because its contacts with Louisiana are not so continuous and systematic as to render it essentially at home here. As discussed above, the paradigm locations where a corporation is considered at home are the state of incorporation and the principal place of business. There is no allegation that Louisiana is defendant's state of incorporation or principal place of business. Rather, plaintiff seeks to have recognition that this is an "exceptional case" where a non-resident corporate defendant's contacts with a forum state are so continuous and systematic as to render it essentially at home in that state. *See Daimler AG v. Bauman*, 571 U.S. 117, n. 19 (2014).

Plaintiff argues that defendant has conducted operations in Louisiana for decades and relied upon its presence and assets in the state to collect business and income. Rec. Doc. 12 at 6. Because this is not a "merely passing involvement," plaintiff asserts that defendant should be subject to personal jurisdiction

in the State of Louisiana. However, the fact that defendant has repeated contacts with Louisiana is not a sufficient basis for the exercise of general jurisdiction over defendant, unless the contacts are of such an extent and nature as to render defendant essentially at home in Louisiana. We must consider defendant's operations in Louisiana relative to the entirety of its operations. Rec. Doc. 8-2 at 2-3.

The Supreme Court has clarified that "[a] corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014). Rather, "[g]eneral jurisdiction [] calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Id.* In fact, the Supreme Court has noted that nothing in its caselaw on general jurisdiction "suggests that a particular quantum of local activity should give a State authority over a far larger quantum of ... activity having no connection to any in-state activity". *Id.* (internal quotations omitted). Therefore, applying this framework to the case at hand, defendant's operations in Louisiana, when considered relative to its activities nationwide, do not render it at home in Louisiana. Only approximately 10% of defendant's employees work in Louisiana compared to approximately 60% in Illinois, its state of

incorporation and principal place of business. Rec. Doc. 8-2 at 2-3. About 14% of its total capital investments were spent in Louisiana compared to about 59% in Illinois; it paid roughly 9% of its cash taxes in Louisiana compared to roughly 61% in Illinois; and it operated about 11% of its track mileage in Louisiana compared to 55% in Illinois. Id. Defendants' operations in Louisiana comprise only a small percentage of its operations nationwide, especially when compared to its operations in its paradigmatic home state of Illinois. Furthermore, the Fifth Circuit has held that having employees located in a forum is not a sufficient basis for the exercise of general personal jurisdiction. *See Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 235 (5th Cir. 2016)

The remaining contacts with Louisiana that plaintiff identifies are a result of plaintiff's residence in Louisiana rather than defendant's contacts with the state. Plaintiff states that he was told he could continue to live in Louisiana to receive his job assignments and with a few months' seniority that he could be headquartered out of Louisiana, and that this was part of the reason he decided to work for defendant. Rec. Doc. 12 at 2. Plaintiff's choice to continue to reside in Louisiana while working for defendant, or plaintiff's ability to choose jobs based in Louisiana after achieving seniority are reflective of his own contacts with Louisiana, not defendant's. Similarly, the fact that

13

plaintiff's follow-up medical care was in Louisiana after his injury and that he obtained Louisiana issued drivers licenses are because he resides in Louisiana and not because of defendants' continuous and systematic contacts in the state. Furthermore, the fact that plaintiff viewed an online advertisement from his home in Louisiana, which was likely also accessible to other individuals located in other states who had internet access, does not render defendant at home in Louisiana. *See Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 376 (5th Cir. 1987)("[T]hat [defendant] has engaged in a nationwide advertising program does not support a finding of general jurisdiction").

There is only one modern case in which the Supreme Court found a non-resident defendant's contacts with a forum state to be so continuous and systematic as to render it at home in the state. *See Patterson v. Aker Sols. Inc.,* 826 F.3d 231, 235 (5th Cir. 2016) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)). In *Perkins*, the defendant maintained an office with company files in the state, maintained bank accounts in the state, used a state bank as a transfer agent for stock of the company, corresponded from the state, paid salaries in the state, and held director's meetings in the state. *See Perkins*, 342 U.S. at 445 (1952). Defendants' interactions with the state of Louisiana do not rise to this level. Accordingly, there is not a sufficient

basis for the exercise of general jurisdiction over defendant in this case and plaintiff's claims must be dismissed.

New Orleans, Louisiana, this 26th day of June, 2019.

                          _____
                          SENIOR UNITED STATES DISTRICT JUDGE